BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-MC-00068-MCE-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $9,500.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about November 20, 2013, the Drug Enforcement Administration (hereafter "DEA") seized Approximately $9,500.00 in U.S. Currency (the "defendant currency") from potential claimant Carlton Ettlinger ("Ettlinger") at the Sacramento International Airport in Sacramento, California.

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about February 6, 2014, the DEA received a claim from Ettlinger asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on or about November 20, 2013, the DEA received information regarding suspicious travel by Ettlinger, who was traveling on American Airlines from Philadelphia, PA to Sacramento, CA.  DEA agents responded to Sacramento International Airport and observed Ettlinger depart the flight and proceed to the men's

restroom. A DEA agent displaying his badge, approached Ettlinger as he exited the restroom, identified himself as law enforcement, and asked permission to speak with him. Ettlinger agreed. Ettlinger told agents that he was traveling from Philadelphia and would be staying in Nevada City for about a month. He also stated that he lived in Staten Island, NY. Agents noticed Ettlinger had two carry-on bags and asked if he had checked luggage as well. Ettlinger told agents he also had two checked bags. Agents asked if they could search his bags and Ettlinger consented.

4. The United States represents that it could also show at a forfeiture trial that when searching Ettlinger's bags, the agents asked Ettlinger how much cash he was traveling with and he told them about $9,800, which was in a women's style wallet in his shoulder bag. The agent located a stack of unfolded $100 bills in the wallet. Agents then asked Ettlinger to accompany them to a private room to discuss the legitimacy of the cash. Ettlinger consented.

5. The United States represents that it could also show at a forfeiture trial that once in the private room agents removed the cash from Ettlinger's bags. On the way to the private room, Ettlinger voluntarily stated that he may do some gambling in South Lake Tahoe and some of the money would be used for gambling. Ettlinger told agents that he was an unemployed project manager and that he worked in construction in the past. He also told agents that he and his family members loan each other money and some of the money could be from that. Agents asked Ettlinger why he wouldn't keep his money in the bank and then withdraw it when he arrived in California and he said he "doesn't really keep money in the bank."

6. The United States represents that it could also show at a forfeiture trial that the defendant currency was presented separately to drug detection dog, "Maya," by a Sacramento County Sheriff's Detective. The detective advised that Maya positively alerted to the odor of narcotics on the defendant currency.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, Ettlinger specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Ettlinger agrees that an adequate factual basis exists to support forfeiture of the defendant currency.

Ettlinger acknowledges that he is the sole owner of the defendant currency and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Ettlinger shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

12. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

13. Upon entry of this Consent Judgment of Forfeiture, $5,000.00 of the Approximately $9,500.00 in U.S. Currency, together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

14. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,500.00 of the Approximately $9,500.00 in U.S. Currency shall be returned to potential claimant Carlton Ettlinger.

15. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Ettlinger waived the provisions of California Civil Code § 1542.

16. No portion of the stipulated settlement, including statements or admissions made

therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

17. All parties will bear their own costs and attorney's fees.

18. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: December 2, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT